UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20089-Civ-UNGARO
MAGISTRATE JUDGE P.A. WHITE

CLIFFORD CLINE,                    :

          Petitioner,              :

v.                                 :      REPORT RE DISMISSAL
                                          §2254 PETITION
WALTER A. McNEIL,[1]               :      AS TIME BARRED

          Respondent.             :
_____

     This petition for writ of habeas corpus pursuant to 28 U.S.C.
§2254 was filed on January 3, 2008.[2]  The judgments of conviction
of second degree murder, attempted second degree murder, and
unlawful possession of a firearm by a convicted felon, entered on
a jury verdict in Dade County Circuit Court case number 76-9088,
originally became final on or about April 10, 1978, ninety days
after the convictions and sentence were affirmed in an apparently
unreported appellate opinion. [DE 15, App.B at 8, 10]

     The one-year period of limitation applicable to §2254

_____

     [1]Walter A. McNeil has been named Secretary of the Florida
Department of Corrections, replacing former Secretary James
McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1)
McNeil is now the proper respondent in this action and should
"automatically" be substituted for McDonough. Accordingly, the
Clerk is directed to docket and change the designation of the
respondent.

     [2]The Eleventh Circuit recognizes the "mailbox" rule in
connection with the filing of a prisoner's petition for writ of
habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)
(prisoner's pleading is deemed filed when executed and delivered to
prison authorities for mailing). [DE 1 at 18]

1

petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, since Cline's convictions became final prior to April 24, 1996, the effective date of the foregoing provisions, he receives the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Cf. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman

2

<u>v. United States</u>, 151 F.3d 1335 (11 Cir. 1998). However, that period expired at the close of April 23, 1997, and this petition was not filed until January 3, 2008, over ten years later.

The AEDPA's grace and limitations periods are tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000)(<u>overruling</u> <u>Weekley v. Moore</u>, 204 F.3d 1083 (11 Cir. 2000)).

In this case, however, after the AEDPA was enacted in 1996, Cline initiated no state court proceedings until March 2, 2004, when he submitted a motion to correct illegal sentence pursuant to <u>Fla.R.Cr.P</u>. 3.800. [DE 15, App.G at 94-100] Since by then almost seven years had elapsed since the grace period closed on April 23, 1997, no further examination of the history of Cline's state court proceedings is necessary to determine that this federal petition is untimely. <u>See</u> <u>Tinker v. Moore</u>, 255 F.3d 1331 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11 Cir. 1999) (same).

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in

dismissal of the petition. [DE 6]

While it does not appear that Cline submitted a response to the court's order, he did file a reply to the state's invocation of the limitations defense. [DE 16] He argues there that this petition is timely based on the authority of the recent case of Burton v. Stewart, __ U.S. __, 127 S.Ct. 793, 798 (2007), where the Supreme Court stated:

> Burton finally contends that had he not filed the 1998 petition when he did, and instead waited until state review of his sentencing claims was complete, he risked losing the opportunity to challenge his conviction in federal court due to AEDPA's 1-year statute of limitations. See §2244(d)(1). But this argument misreads AEDPA, which states that the limitations period applicable to 'a person in custody pursuant to the judgment of a State court' shall run from, as relevant here, 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' §2244(d)(1)A). 'Final judgment in a criminal case means sentence. The sentence is the judgment.' *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937). Accordingly, Burton's limitations period did not begin to run until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review' ...          [emphasis original]

Subsequently, in Ferreira v. Sec'y, Dep't of Corrections, 494 F.3d 1286 (11 Cir. 2007), pet. for cert. filed, 76 USLW 3417 (Jan. 30, 2008), the Eleventh Circuit applied Burton in a situation where, a petitioner filed a §2254 application more than 365 days

4

after the date of finality of his conviction and original sentence, but only 57 days after a corrected sentence resulting from a state collateral proceeding became final. Id. at 1288.  Relying on Burton, the Eleventh Circuit held that "AEDPA's statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." Id. at 1288, emphasis original.  In other words, although Ferreira had been convicted initially in 1997, he was presently confined pursuant to a 2003 judgment entered on resentencing, and since the 2003 judgment  controlled the issue of finality for statute of limitation purposes, his federal habeas corpus petition was determined to have been filed timely. Id. at 1292-93.

Cline is correct that applying the holdings of Burton and Ferreira to this case alters the original date of finality of his conviction and sentence, but contrary to his understanding, it does not render this federal petition timely.

The exhibits supplied by the respondent demonstrate that in a proceeding pursuant to Fla.R.Cr.P. 3.850, the Third District Court of Appeal issued an opinion on January 17, 1984, in which it directed the lower court to vacate the minimum mandatory provision of Cline's original sentence as well as the sentence imposed for his conviction of  unlawful possession of a firearm. Cline v. State, 443 So.2d 1065 (Fla. 3 DCA 1984). [DE 15, App.E] The trial court modified the sentence pursuant to those instructions on January 21, 1984 [DE 15, App.J at 116], so the sentence as modified became final thirty days thereafter, on February 20, 1984.[3]

---

[3]In Florida, if the defendant does not appeal, a judgment becomes final upon expiration of the thirty-day appeal period. Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1

The sentence as modified in 1984 is the sentence Cline is serving today. In March, 2004, he filed a motion to correct that sentence with the trial court [DE 15, App.G at 94-100], but the motion ultimately was denied on the merits on October 6, 2004. [DE 12 at 5]

In August, 2004, Cline submitted a petition for a state writ of habeas corpus, arguing again that the sentence as modified on remand in 1984 was unlawful. [DE 15, App.J at 124-25] The trial court denied the motion as duplicative of Clines' March, 2004, Rule 3.800 motion [DE 15, App.J at 116-18], and that result was affirmed without opinion on September 26, 2007. Cline v. State, 963 So.2d 715 (Fla. 3 DCA 2007)(table). [DE 15, App.Y] In other words, although Cline challenged the sentence as amended in 1984 in subsequent state collateral proceedings, the sentence imposed in 1984 was not altered and remains in effect today.

Here, then, the AEDPA limitations period began to run on February 20, 1984, when Cline's convictions and the sentence he presently is serving 'became final [for the second time] by the conclusion of direct review or the expiration of the time for seeking such review.' Burton, supra. Since that occurred long before the AEDPA was enacted in 1996, and since as described above Cline submitted no properly-filed state postconviction proceedings during the one-year grace period that following the AEDPA's enactment, this petition is untimely.

---

(Fla. 3 DCA 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 DCA 1995).

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Clifford Cline, <u>pro se</u>
     DC #024000
     Union Correctional Institution
     7819 N.W. 228 Street
     Raiford, FL 32026

     Rolando Soler, AAG
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131